OPINION
Appellant Monya Angel appeals the September 7, 2000 Judgment Entry of the Richland County Court of Common Pleas, Juvenile Division, which granted permanent custody of her son, Cesar Alamilla, Jr., to appellee Richland County Children Services Board (hereinafter "RCCSB").
 STATEMENT OF THE CASE AND FACTS
On March 7, 1999, RCCSB filed a complaint with the Richland County Court of Common Pleas, Juvenile Division, alleging Cesar was a dependent child. RCCSB alleged appellant was unable or unwilling to care for the child due to her emotional and mental instability, and economic difficulties. In a June 22, 1999 Judgment Entry, the trial court found Cesar to be a dependent child and granted temporary custody to RCCSB. On April 2, 1999, RCCSB filed a case plan. The plan required appellant to undergo a psychological assessment and medication evaluation, and to cooperate with any recommendations stemming therefrom. Further, appellant was to participate in mental health counseling and/or therapy, to maintain stable housing and employment, and to visit with Cesar. Appellant maintained the same residence, but was unable to maintain continual employment. Appellant did participate in supervised visitations. However, visitations were terminated for a period of time due to appellant's turbulent and confrontational behavior. Appellant was permitted to resume visitation subject to her good behavior. Appellant commenced counseling with Freda Howell and attended a few sessions. After June, 1999, appellant refused to return to the counseling sessions. Appellant also consistently refused to undergo a medication evaluation. When appellant finally agreed to have the evaluation in December, 1999, funding was no longer available for the evaluation. In September and October of 1999, appellant underwent a psychological evaluation with Dr. James J. Karpawich, a clinical psychologist. In testimony at trial and in a written report admitted into evidence at trial, Dr. Karpawich recommended RCCSB obtain permanent custody of the child. Dr. Karpawich opined: [Appellant] has a history of psychological problems. She has been described as showing a pattern of paranoid delusions, labile affect, depression, agitation, and bizarre behavior. She also has a history of engaging in aggressive, angry, assaultive, and threatening behavior. She has had difficulty in adjusting to societal standards. She has not been receptive to feedback from others, and she has refused attempts by mental health professionals to assist her. She will not take psychiatric medi[c]ation. She has not been cooperative with counseling. She has been diagnosed as suffering from Delusional Disorder, Major Depression, and long-standing, severe personality problems.
* * *
Concerning her ability to parent, it is my opinion that [appellant's] psychological problems have impaired and continue to impair her ability to parent. It is further my opinion that [appellant] poses a significant risk to her son due to her pattern of physically abusive and aggressive behavior. * * * In addition to her observed behavior, she has admitted having thoughts of killing her son and other people. * * *
In addition to her pattern of aggressive and threatening behavior, it is my opinion that she poses a significant risk to her son due to her lack of bonding with her son and her difficulty in establishing close interpersonal relationships. * * *In the spring of 1999, she told her counselor that she did not want to be attached to anyone, even her son. She also said that she would rather give up her son than take medication.
* * *
Therefore it is my opinion that Cesar would be placed at significant risk of both physical and psychological harm if he was to return to live with his mother. * * * Dr. Karpawich's report, Exhibit 1 at pp 14-16.
A magistrate conducted a full evidentiary hearing on the motion for permanent custody on June 29, 2000. In a July 10, 2000 Magistrate's Decision, the magistrate recommended an award of permanent custody to RCCSB. Appellant filed objections to the magistrate's decision on July 24, 2000. In a September 7, 2000 Judgment Entry, the trial court overruled appellant's objections, added additional findings of fact to the magistrate's decision, and adopted the remainder of the magistrate's July 24, 2000 decision. It is from this judgment entry appellant prosecutes her appeal, assigning the following as error:
 I. THE TRIAL COURT'S FINDING THAT APPELLANT COULD NOT PROVIDE AN ADEQUATE PERMANENT HOME WITHIN ONE YEAR FROM THE DATE OF THE HEARING IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
 II. THE TRIAL COURT'S FINDING THAT APPELLANT FAILED TO CONTINUOUSLY AND REPEATEDLY TO REMEDY THE CONDITIONS CAUSING THE CHILD TO BE PLACED OUTSIDE OF THE HOME IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I, II
In each of appellant's assignments of error, appellant maintains the trial court's findings were unsupported by clear and convincing evidence. Specifically, appellant's first assignment of error maintains the trial court's finding appellant was unable to provide an adequate permanent home within one year of the hearing was unsupported. Appellant's second assignment of error attacks the trial court's finding appellant failed continuously and repeatedly to remedy conditions causing the child to be placed outside the home. We disagree with each of appellant's contentions. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279. The trial court made a finding it was in Cesar's best interest to grant permanent custody to RCCSB pursuant to R.C. 2151.414(D). Appellant does not contest this finding on appeal. However, a best interest determination alone is not sufficient to grant permanent custody of a child to an agency and divest parents of their parental rights. In the instant case, the trial court further found Cesar could not be placed with either of his parents within a reasonable time or should not be placed with his parents. In reaching this determination, the trial court relied upon R.C. 2151.414(E)(1), and (2). The statute states, in pertinent part: (E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 (2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;
* * *
We have reviewed the record and find there is competent, credible evidence to support the trial court's determination Cesar could not be placed with appellant within a reasonable time or should not have been be placed with appellant. In light of the facts set forth in the Statement of the Case and Facts, supra, we find the trial court's findings were not against the manifest weight of the evidence.
The September 7, 2000 Judgment Entry of the Richland County Court of Common Pleas, Juvenile Division is affirmed.
Hoffman, J. Gwin, P.J. and Edwards, J. concur